IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. KORESKO, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | No. 13-4131 |
| Defendant. | : | |

**M E M O R A N D U M**

**Stengel, J.**                                                                                                          **August 19, 2015**

John Koresko is the creator of the Regional Employers Assurance Leagues Voluntary Employees' Benefit Association (REAL VEBA) trust, which the IRS determined was a tax shelter. In November 2012, the IRS assessed 26 U.S.C. § 6700 penalties against Koresko and Penn-Mont Benefit Services, the plan administrator, for their respective roles in promoting the REAL VEBA plan in 2003. Mr. Koresko and Penn-Mont sued the United States in separate suits for a refund of the penalty assessment they paid—asserting that it was unwarranted, incorrect, or impermissible under several legal theories.

The United States filed a counterclaim, requesting the penalties be paid in full. Mr. Koresko asserted several affirmative defenses to this counterclaim. The Government moves for judgment on the pleadings under Fed. R. Civ. P. 12(c) on the affirmative defenses contained in Paragraphs 237 and 238 of Koresko's answer to the counterclaim. Paragraph 237 asserts: "[t]he IRS and USA have otherwise impaired the due process rights of the defendants by contributing to interference with their rights to due process

1

and equal protection." Paragraph 238 states: "[t]he USA committed actions in violation of the IRS Restructuring and Reform Act that entitle the defendants to judgment and complete reimbursement of fees and costs." The Government asks that I find these defenses to be insufficient, as a matter of law.[1] The Government previously moved to strike these defenses. I denied that request because I did not find that their insufficiency was "clearly apparent."[2] For the reasons stated below, I will again deny the Government's motion.

## I. Discussion

District courts may grant a motion for judgment on the pleadings under Rule 12(c) "only if, viewing all the facts in the light most favorable to the nonmoving party, no material issue of fact remains and the moving party is entitled to judgment as a matter of law." Knepper v. Rite Aid Corp., 675 F.3d 249, 257 (3d Cir. 2012)(citing Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008)). See also Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005); Society Hill Civic Ass'n v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980).

The Government argues that the due process defense is "irrelevant" because the court reviews the assessment of penalties under § 6700 *de novo*. See, e.g., Katz v. U.S., No. 91–5623, 1992 WL 103006, at *1 (E.D. Pa. May, 6 1992); Ruth v. U.S., 823 F.2d 1091, 1094 (7th Cir. 1987); R.E. Dietz Corp. v. United States, 939 F.2d 1, 4 (2d Cir.

---

[1] The Government previously moved to strike paragraph 10(f) of the plaintiff's complaint, which asserted a defense of laches. Doc. No. 10. I granted that motion. Doc. No. 12. The Government also moved to strike several of Mr. Koresko's defenses to their counterclaim. Doc. No. 28. I granted that motion in part and struck the following defenses as being legally insufficient: unclean hands, collateral estoppel, First Amendment, and violation of the bankruptcy stay provision. Doc. No. 30.

[2] See Doc. No. 30.

1991)("[T]he court does not sit in judgment of the Commissioner; the court places itself in the shoes of the Commissioner." (citation omitted)); Wells Fargo & Co. v. United States, 91 Fed. Cl. 35, 75 (Fed. Cl. 2010)("Thus, a tax refund suit 'is not an appellate review of the administrative decision that was made by the IRS; instead, the Court must make an independent decision as to whether the taxpayer is due a refund.'" (citation omitted)); George E. Warren Corp. v. United States, 141 F.Supp. 935, 940 (Fed. Cl. 1956)("[t]he tax laws contemplate a trial de novo"); National Right to Work Legal Def. & Educ. Found., 487 F. Supp. 801, 805 (E.D.N.C. 1979)("Tax refund actions require a redetermination of the entire tax liability…" citing Lewis v. Reynolds, 284 U.S. 281, 283 (1932)).

As the Government points out, the court will not "look behind" the IRS's procedures in making its assessment because the court is conducting a *de novo* review. See, e.g., Raheja v. C.I.R., 725 F.2d 64, 66-67 (7th Cir. 1984). "An exception to the rule against 'looking behind' the notice of deficiency is made when an infringement of the taxpayer's constitutional rights is alleged and the integrity of the judicial process is at stake." Id. Violations of due process or equal protection may be justifications for making an exception to the no "look behind" rule. See id. I cannot say, as a matter of law, that Mr. Koresko's defenses in Paragraph 237 are insufficient. I would need to understand the defense in context in order to determine that it is "irrelevant."

Alternatively, the Government argues that Mr. Koresko has no defense of procedural due process because this action *is* his process due under the statute. The Government is correct in this point. However, since it unclear how Mr. Koresko plans to

use this affirmative defense as the case proceeds, I cannot say that his due process defense is legally insufficient.

The Government also argues that Mr. Koresko's IRS Restructuring and Reform Act defense is legally insufficient because it is a "bare claim" that provides no supporting facts. I do not read this defense as a new claim. For this reason, I cannot say as a matter of law that it fails.[3]

As a matter of law, Mr. Koresko is not prohibited from asserting these defenses. The Government, of course, can re-raise these arguments when and if Mr. Koresko argues these defenses during this action.

## II.     Conclusion

For the reasons stated above, I will deny the Government's motion for judgment on the pleadings without prejudice.

An appropriate Order follows.

---

[3] Rule 12(b) does not require a defense to be presented with supporting facts.

To the extent that Mr. Koresko is asserting a separate claim for damages against the Government by this paragraph, that claim would be foreclosed. See Scott v. United States, 608 F. Supp. 2d 73, 79 (D.D.C. 2009)(holding that "plaintiffs cannot pursue a Bivens remedy for alleged denials of constitutional due process arising from purported violations of the Internal Revenue Code, because such a remedy is precluded by the 'comprehensive statutory remedial scheme' that Congress established through the Internal Revenue Code."). Mr. Koresko cannot assert a new claim in his answer to a counterclaim.